## Case No. 7,583.

### JUNGBLUTH v. REDFIELD.

[4 Blatchf. 219;[1] 2 Wkly. Law Gaz. 316; 39 Hunt, Mer. Mag. 707.]

Circuit Court, S. D. New York. Oct. 2, 1858.

CUSTOMS DUTIES — REMISSION OF FORFEITURE — CONDITIONS TO REMISSION—ACCEPTANCE OF REMISSION—ESTOPPEL BY ACCEPTANCE.

1. The power given to the secretary of the treasury, by section 1 of the act of March 3,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

1797 (1 Stat. 506), to remit forfeitures for infractions of the revenue laws, may be exercised by him not only by remitting the whole of a forfeiture, but by remitting any part less than the whole, or upon a condition consistent with law.

2. He may, under that section, remit a forfeiture on condition of the payment of the duties and any additional duties and the costs.

3. Effect of the acceptance by a party of the remission of a forfeiture, and of a compliance with the conditions on which it is granted, by way of estoppel.

This was an action [by Edmund Jungbluth] against [Heman J. Redfield] the collector of the port of New York, to recover back an additional duty or penalty of 50 per cent. imposed on certain goods, for undervaluation, under section 17 of the act of August 30, 1842 (5 Stat. 565), under these circumstances: After the goods were entered, the collector seized them for a violation of the revenue laws. The claimant released the goods from the seizure, by giving a bond, under section 89 of the act of March 2, 1799 (1 Stat. 695), which requires that the duties shall be first paid, and a certificate of the collector of the port produced to the court before whom the bond is entered into. On the appraisal of the goods, with a view to the payment of the duties, the 50 per cent. penalty was imposed, under the act of 1842, for undervaluation, and was, with the duties, paid under protest. Subsequently, the plaintiff, having become satisfied that the goods were subject to a technical forfeiture, for an infraction of the revenue laws, petitioned the secretary of the treasury for a remission of the same, under the first section of the act of March 3, 1797 (1 Stat. 506), which was granted, and the forfeiture was remitted, upon condition "of the payment of the duties, and any additional duties, on the merchandise in question, if they have not already been paid, and of all the costs."

NELSON, Circuit Justice. It is insisted, on the part of the counsel for the plaintiff, that the power of the secretary of the treasury, under the act of March 3, 1797, to remit, can only be exercised by granting the remission of the forfeiture absolutely, and cannot be conditionally, except as to the costs of prosecution; and, hence, that the condition as to the payment of the illegal duties or penalties is void. I differ with the learned counsel in the construction to be given to the statute. The power, no doubt, is absolute—that is, the secretary may remit, at discretion, the whole of the forfeiture—but this power carries with it an authority to remit any part less than the whole, or upon a condition consistent with law. "Omne majus in se continet minus."

I am, also, inclined to think, that the act confers, in express terms, the power claimed by the secretary. The power given is "to mitigate or remit" the forfeiture, or any part thereof, and to direct the prosecution, if any, to be discontinued, "upon such terms or con-

ditions as he may deem reasonable and just."

Besides, in this case, the whole subject was submitted to the judgment of the secretary, and passed upon by him, and, if the plaintiff was dissatisfied with the decision, he should have refused to accept the remission on the terms granted. Instead of this, he has taken up his bond, and paid the costs of the prosecution, and is enjoying the benefit of the remission of the forfeiture. There must be judgment for the defendant, on the case made.